IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY A. GILKERSON, | |
| Plaintiff, | 8:15CV37 |
| vs. | |
| NEBRASKA COLOCATION CENTERS, L.L.C., AMERICAN NEBRASKA LIMITED PARTNERSHIP, and RALPH EDWARDS PRODUCTIONS, INC., | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the court on Plaintiff Gilkerson's Motion to Amend the Progression Order and to Compel the Issuance of a Subpoena Duces Tecum, (Filing No. 103), and on Defendant Nebraska Colocation Centers, L.C.C.'s ("NCC") Objection to Plaintiff's Motion. (Filing No. 105).

BACKGROUND

Plaintiff Timothy Gilkerson filed his complaint in the District Court of Douglas County, Nebraska on April 8, 2014. (Filing No. 1-1). Defendant NCC removed the case to this court on January 27, 2015. (Filing No. 1). Plaintiff's complaint alleges his employment for Defendant was terminated without cause in violation of a valid employment agreement. (Filing No. 1-1). One provision of the Employment Agreement (the "Agreement") at issue states that if Defendant NCC terminated Gilkerson's employment without cause, Plaintiff would potentially be entitled to a retirement bonus equal to a fixed percentage of NCC's value, but only if NCC's earnings before interest, taxes, depreciation, and amortization

("EBITDA") was a certain amount on the date of the Agreement's termination. (Filing No. 1-1 at CM/ECF p. 8).

Discovery was completed in this case in late 2015 and the pretrial conference and trial were set for mid-2016. In May 2016, this court granted a Motion for Summary Judgment filed by NCC and entered Judgment in the case. (Filing Nos. 65 & 66). The Eighth Circuit Court of Appeals reversed and remanded the decision of the District Court on June 21, 2017. (Filing No. 77).

The undersigned held a scheduling conference with the parties on August 22, 2017, and set the pretrial and trial date for February of 2018. (Filing No. 83). In September, the undersigned was advised of a discovery dispute concerning the computation of NCC's EBITDA and on October 3, 2017, after conferring with the parties, the undersigned set a briefing schedule for the Plaintiff to file any motion to compel supplemental discovery regarding the calculation of NCC's EBITDA. (Filing No. 90). No motion to compel was filed.

On October 5, 2017, Defendant NCC filed a separate lawsuit against an individual, Leo Khayet in the District of Nebraska. See Nebraska Data Centers, LLC v. Khayet, 8:17cv00369LSCCRZ. NCC's lawsuit against Khayet involves an alleged breach of a consulting agreement contract between the two parties. On November 7, 2017, Gilkerson filed a notice of his intent to serve a subpoena duces tecum on Khayet. (Filing No. 94). Defendant NCC objected to the notice. Plaintiff now moves for an order amending the progression order and compelling the third-party subpoena.

ANALYSIS


Pursuant to Rule 16(b)(4), a case management order setting progression deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard  is the moving party's diligence in attempting to meet the case management order's requirements. . . . , [but the] 'existence or degree of prejudice to the party opposing the modification' and other factors may also affect the decision." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006).


While discovery in this case closed in late 2015, this case has been subject to several lengthy suspensions since that time, including the resolution of the summary judgment motion and a subsequent reversal by the Eighth Circuit Court of Appeals. After both of these matters were resolved, the Plaintiff acted diligently in pursuing discovery on the remaining issues, including the EBITDA value and retirement bonus:  A telephone conference to discuss this issue was set less than a month after the mandate from the Eighth Circuit was entered. (See Filing Nos. 80 & 87). Additionally, the court believes the prejudice to the defendants in extending the case management deadlines is minimal, especially as the Plaintiff does not propose extending the pretrial conference and trial dates.

(See [Filing No. 103-1 at CM/ECF pp. 1–2](#)). The undersigned finds that good cause exists to modify the case's current progression order.

In addition to reopening discovery and amending the progression order, the Plaintiff seeks a court order compelling Defendants to permit the issuance of a subpoena duces tecum on Leo Khayet. The subpoena seeks

1. The Consulting Agreement entered into on August 8, 2017 between Kayet and NCC.

2. Any and all agreements entered into between Khayet and NCC including but not limited to, any confidentiality or non-disclosure agreements.

3. Any and all documents provided to Khayet by NCC or its employees, agents, affiliates, representatives, assignees, successors, or other person or party acting on behalf thereof which relate to Defendant's actual or potential: sale value, market value, EBITDA value, liquidity, and/or ownership.

([Filing No. 94-1 at CM/ECF pp. 2–3](#)).

Rule 26(b)(1) of the Federal Rules of Civil Procedure was amended on December 1, 2015. The scope of permissible discovery under Rule 26 is broad and parties may obtain

> discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Courts should examine each case individually to determine the weight and importance of the proportionality factors.

Plaintiff argues that the documents sought through the subpoena are relevant to the determination and calculation of the Plaintiff's damages. Specifically, Plaintiff contends the documents would assist in determining the value of the Defendant company should Plaintiff be entitled to the retirement bonus under the Agreement. Plaintiff additionally argues that the documents could be relevant to the issue of Defendant's credibility if the documents differ from previous financial information received in discovery.

Defendant NCC primarily argues that the subpoena is overly broad because Plaintiff is not entitled to the retirement bonus. That is, Defendant NCC argues that the termination of the Agreement occurred when Gilkerson's employment with NCC ended in 2014, and NCC's EBITDA value on that date did not entitle Gilkerson to the retirement bonus. Thus, defendant argues the documents requested by subpoena relating to NCC's actual or potential sale value, market value, liquidity, etc. are irrelevant to the damages in this case.

The parties appear to disagree regarding when the Agreement "terminated" for purposes of calculating the EBITDA value. Defendant argues the Agreement terminated on the date Plaintiff was fired in 2014: Plaintiff appears to argue the Agreement terminated at the end of its natural ten-year term which would have occurred in 2021.

The Defendant concedes that the EBITDA value is relevant in determining whether Plaintiff was entitled to a retirement bonus. The question regarding when the Agreement terminated—the date for calculating the EBITDA—cannot be

decided on the record now before the court or by the undersigned magistrate judge. As such, the ongoing value of NCC may be relevant to determining Plaintiff's retirement bonus—the damages for an alleged breach of the Agreement.

The court finds the subpoena duces tecum is likely to elicit potentially relevant information, is of minimal burden to the Defendant (especially considering the protective order in place), and permitting the issuance of a subpoena duces tecum on Leo Khayet will only minimally impact the court's progression order.

IT IS ORDERED

1.  Plaintiff's Motion to Compel, (Filing No. 103), is granted.

2.  Defendant's Objection to Plaintiff's Motion, (Filing No. 105), is overruled.

3.  Plaintiff is granted leave to serve his proposed subpoena duces tecum, (Filing No. 94-1) on Leo Khayet.

4.  The progression order is amended as follows:

    a.  The deadline for serving discovery on third parties is December 14, 2017.

    b.  Plaintiffs supplemental or amended report of Brad Larsen shall be provided to Defendant's attorneys no later than December 22, 2017.

    c.  Defendant's supplemental or amended report of Bernard Goss shall be provided to Plaintiff's attorneys no later than December 29, 2017.

    d.  All motions in limine and motions to limit or exclude testimony, including on Daubert-related grounds, shall be filed by January 19, 2018.

e.    The jury trial in this case is set to commence before John M. Gerrard, United States District Judge, in the Special Proceedings Courtroom, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska, at 9:00 a.m. on **February 20, 2018**, or as soon thereafter as the case may be called, for a duration of four (4) trial days. This case is subject to the prior criminal cases and such other civil cases as may be scheduled, if any, as may be scheduled for trial before this one. Jury selection will be held at the commencement of trial.

f.    The pretrial conference is scheduled to be held before the undersigned magistrate judge on February 6, 2018 at 1 :00 p.m., and will be conducted by WebEx conferencing. A separate order will be entered with instructions and codes for participating in the pretrial conference by WebEx. The patties' proposed Pretrial Conference Order and Exhibit List(s) must be emailed to zwart@ned.uscourts.gov, in either Word Perfect or Word format, by 5:00 p.m. on February 5, 2018.

Dated this 5th day of December, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge